| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

ELAINE KIM,

                Petitioner,

– against –

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM & ORDER**

14-CV-3922 (ERK)

KORMAN, *J.*:

## BACKGROUND

I assume familiarity with the underlying facts and circumstances of this case. Briefly, petitioner Elaine Kim ("Kim") pleaded guilty in December 2012 to health care fraud and conspiracy to commit health care fraud for her role as manager of two medical clinics in Flushing, New York, that provided medically unnecessary services to patients and then sought reimbursement from Medicare. She cooperated with the government and provided testimony in the trial of a co-defendant, over which I provided. Nevertheless, the U.S. Attorney's motion pursuant to 5K1.1 of the Sentencing Guidelines, while recommending a downward departure from the advisory range, also raised concerns that "[Kim] made a number of inconsistent statements on cross-examination that purported to minimize her responsibility, as well as inaccurate statements about purported promises made to her in connection with her plea agreement." *See United States v. Kim*, No. 1:11-cr-00743-ERK, ECF No. 242, at 3. In April 2014, I sentenced Kim to a term of imprisonment of 12 months and one day—51 months below the guideline range—and restitution and forfeiture in the amount of approximately $5.9 million.

1

Kim, proceeding *pro se*, filed three motions pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. She raises numerous grounds for relief, which can be summarized as follows: (1) she is entitled to a lesser sentence because of factors that were not adequately considered at sentencing; (2) she is entitled to a lesser sentence because of a perceived disparity in sentences; (3) she did not voluntarily and knowingly sign the forfeiture and restitution orders because she "made mistake without lawyer"; and (4) her restitution order of approximately $5.9 million was "excessive," and "based on estimation," and she cannot afford to pay it.

Kim also claims that she received ineffective assistance of counsel in two respects: (1) her plea was not knowing and voluntary because she allegedly relied on the advice of counsel that she would be sentenced only to probation in exchange for her cooperation; and (2) counsel failed to provide effective assistance in connection with her sentencing.

Kim has completed her term of imprisonment and is currently under supervised release.

**DISCUSSION**

**1. Legal Standard**

28 U.S.C. § 2255 provides that a prisoner in federal custody may move to vacate, set aside, or correct her sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A district judge must grant a hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* "In making its determination regarding the necessity of a hearing, a district court may draw upon its personal knowledge and recollection of the case." *Ramos v. United States*, No. 3:11-CV-1075 (AWT), 2014 WL 129601, at *3 (D. Conn. Jan. 13, 2014)

(citing *Blackledge v. Allison,* 431 U.S. 63, 74 n.4 (1997); *United States v. Aiello,* 900 F.2d 528, 534 (2d Cir. 1990)).

    2. **Sentencing**

"It is well established that a § 2255 petition cannot be used to 'relitigate questions which were raised and considered on direct appeal.'" *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (quoting *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001)). In granting Kim's court-appointed counsel's motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissing Kim's appeal, *see* Mem. Opp'n Pet. § 2255 Ex. E, ECF No. 7-5, the Second Circuit implicitly concluded that there were no non-frivolous grounds for appeal, *see United States v. Whitley*, 503 F.3d 74, 76 (2d Cir. 2007) ("We will not grant an *Anders* motion unless we are 'satisfied that counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal,' and 'defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct.'" (quoting *United States v. Burnett,* 989 F.2d 100, 104 (2d Cir. 1993))). Nevertheless, I will briefly consider Kim's arguments that her sentence was procedurally or substantively unreasonable.

Kim's first ground for relief amounts to a claim that I did not properly consider the prescribed factors under 18 U.S.C. §3553(a) in imposing her sentence. This argument is without merit. "A sentencing judge is not required to make any 'specific verbal formulation[ ] . . . to demonstrate the adequate discharge of the duty to consider' the factors of § 3553(a)." *United States v. Tchiapchis*, 306 F. App'x 627, 628 (2d Cir. 2009) (citing *United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir. 2006); *United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008)). Even so, the record is clear that the relevant § 3553(a) factors were taken into account. At the sentencing hearing, I discussed with counsel Kim's possible motives, the extent to which she and

3

her family profited from the criminal scheme, and whether her clinics in fact provided some benefit to clients. *See* Mem. Opp'n Pet. § 2255 Ex. C ("Sentencing Tr.") 5–9, ECF No. 7-3. I also considered the government's lukewarm motion pursuant to 5K1.1 of the Sentencing Guidelines. *See id.* at 13–16. In imposing a sentence of a year and a day—51 months below the bottom of the advisory guideline range—I balanced the need to provide both an incentive for defendants to cooperate with the government and a deterrent to providing false testimony. *See id.* at 17. "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (citations omitted). Kim's argument that her significantly reduced sentence was still unreasonably high is unavailing.

While I acknowledged at the sentencing hearing my concern that the co-defendants' assignment to different judges could lead to a disparity in sentencing, the risk of such a disparity "is only one of several factors that must be weighted and balanced" in determining an appropriate sentence, "and how th[at] factor is weighed 'is a matter firmly committed to the discretion of the sentencing judge.'" *United States v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012) (citing *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)). Mindful of this risk, after learning that one of Kim's co-defendants had received a reduced guideline range based on an alternative calculation of the Medicare loss amount, I applied an identical reduction here. Sentencing Tr. 3–4. On whole, however, I concluded that it was appropriate for me to sentence Kim, rather than transfer her to another judge, because I had seen first-hand her self-serving testimony in a co-defendant's case. *See* Sentencing Tr. 12. That testimony was central to my reasoning. To the extent that Kim's sentence was greater than that of her husband, and on par

with that of a co-defendant who drew greater profits than she did, it was a direct result of the unhelpful testimony she provided at trial. *See id.* at 12–16.

Finally, Kim's arguments relating to the imposition of restitution and forfeiture are baseless. While represented by counsel, Kim entered into a plea agreement acknowledging that she had received money and property subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7) and § 982(b), and consenting to the entry of a forfeiture money judgment in the amount of roughly $5.9 million. Mot. Opp'n Pet. § 2255 Ex. A ("Plea Agreement") ¶¶ 10–18, ECF No. 7-1. During the plea proceeding, the magistrate judge reviewed with Kim the amount of restitution and forfeiture. *See* Mot. Opp'n Pet. § 2255 Ex. B ("Plea Tr.") 21–22, ECF No. 7-2. Moreover, in a sworn affidavit in opposition to her petition for relief under § 2255, Kim's defense counsel asserts that he "explained to [Kim] that one of the terms of her agreement was that she would consent to the entry of a forfeiture money judgment" in the amount of approximately $5.9 million, and "[s]he expressed to [him] her understanding of those terms . . . ." Mot. Opp'n Pet. § 2255 Ex. G ("Lee Aff.") ¶ 4, ECF No. 7-7. There is no indication of any procedural or substantive defect in the imposition of these orders.

Kim's claim that she cannot afford to pay the restitution amount also fails, because "district courts are statutorily required to impose the full amount of restitution without consideration of economic factors including a defendant's ability to pay," where there is a cognizable victim. *United States v. Nachamie*, 121 F. Supp. 2d 285, 297 (S.D.N.Y. 2000), *aff'd*, 5 F. App'x 95 (2d Cir. 2001). The mandatory restitution scheme required by 18 U.S.C. § 3663A applies where the victim is Medicare. *See, e.g.*, *id.* at 298; *Kalani v. United States*, No. 02 CIV. 8663 (SAS), 2002 WL 31453094, at *9 (S.D.N.Y. Oct. 31, 2002) ("In short, Medicare is a cognizable victim under the [Mandatory Victim Restitution Act of 1996] and is therefore entitled

to restitution."). While Kim complains that her restitution order in the amount of approximately $5.9 million is "excessive," it is only a fraction of the $13.3 million actual loss to Medicare. I chose not to impose restitution in the larger amount "because a letter was sent to HHS to back up the [$13.3 million] figure but no response was received." Sentencing Tr. 17. I also postponed Kim's restitution payments until she is out of federal custody, and imposed those requirements "at a rate of ten percent of her gross income per month while on supervised release, with interest payment to be waived." *Id.* at 18. Under these circumstances, the restitution order is sound.

   **3. Ineffective Assistance of Counsel**

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) counsel's representation fell below an "objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

Kim's own sworn statements belie her assertion that her plea was not knowing and voluntary because she relied on counsel's alleged false promise that she would not receive any prison time. *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity."); *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." (citation omitted)). Kim's written plea

agreement provided that the government would not "recommend to the Court a specific sentence to be imposed" and "cannot and does not make a promise or representation as to what sentence will be imposed by the Court." Plea Agreement ¶ 6. Kim explained at the plea proceeding that she understood the terms of that agreement. Plea Tr. 14–15. In response to specific questions from the magistrate judge, Kim twice agreed that there had been no promises made to her as to what her sentence would be. *Id.* at 15, 23. Kim was also warned by the magistrate judge that "even if the government doesn't oppose the recommended sentence that your attorney may advocate at sentencing, the Court may not necessarily agree," and that, "if your sentence is higher than recommended or expected or the guideline estimates you've heard are wrong, you will not be able to withdraw your guilty plea." Plea Tr. 18–19. Kim confirmed that she understood this before proceeding with her plea. *Id.* Moreover, Kim's defense counsel attests that, "[a]t no point did [he] tell Ms. Kim that she would not receive a jail sentence if she agreed to cooperate," and, indeed, he "told Ms. Kim on multiple occasions that she should understand that she should be prepared to be sentenced to up to ten years in prison." Lee Aff. ¶ 3. He further stated that "Ms. Kim expressed to [him] that she understood this on each of those occasions." *Id.*

Indeed, even if Kim's counsel had promised her that she would not receive any prison time if she cooperated with the government, Kim still would not be able to show that "there is a reasonable probability that," but for this harmful advice, "[s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). An attorney's "mistaken estimate" of a defendant's likely sentence on its own is "insufficient to support a claim for ineffective assistance of counsel." *Goldberg v. United States*, 100 F.3d 941,

at *1 (2d Cir. 1996) (unpublished); *cf. United States v. Sweeney*, 878 F.2d 68, 69–70 (2d Cir. 1989) (attorney's "erroneous estimate" of guideline sentencing range not ineffective assistance).

Kim's final argument that her attorney was ineffective at sentencing is also without merit. Her attorney states in his affidavit that his decision at the sentencing hearing to comment only on his client's contrition and acceptance of responsibility—rather than discuss the possible benefits of the clinics' services or Kim's minimal profits, or challenge my finding that her trial testimony was not fully truthful—was a conscious decision designed "to avoid drawing unnecessary attention to the defendant's statements at the [co-defendant's] trial and her fraudulent conduct." Lee Aff. ¶ 6. This falls within the realm of strategic decisions that do not constitute objectively unreasonable assistance. *See, e.g.*, *Clymore v. United States*, 164 F.3d 617, at *2 (2d Cir. 1998) (unpublished) (decision not to request a *Fatico* hearing on the scope of smuggling allegations does not demonstrate that counsel's performance was inadequate because counsel "might reasonably have been trying to avoid highlighting . . . damaging evidence"); *United States v. Herrera*, 186 F. App'x 109, 111–12 (2d Cir. 2006) (counsel's strategic decision not to argue for a sentence below the Guidelines range was objectively reasonable); *Schwamborn v. United States*, 492 F. Supp. 2d 155, 163 (E.D.N.Y. 2007) ("An informed decision to pursue a litigation strategy, even if that strategy turns out badly for the defendant or seems unwise in retrospect, does not constitute ineffective assistance of counsel so long as it is a 'conscious, reasonably informed decision made by an attorney with an eye to benefitting his client.'" (quoting *Pavel v. Hollins,* 261 F.3d 210, 218 (2d Cir. 2001)), *adhered to in relevant part on reconsideration*, 507 F. Supp. 2d 229 (E.D.N.Y. 2007)).

Further, even if Kim's attorney's behavior was objectively unreasonable, she cannot establish prejudice, since her sentence was 80 percent below the bottom of the advisory

guidelines range.  *See, e.g.*, *United States v. Dickinson*, No. 09-CR-6177L, 2012 WL 4120378, at *3 (W.D.N.Y. Sept. 19, 2012) (counsel was not ineffective, even if he miscalculated the Guideline range, "since the Court imposed a drastically reduced sentence, well below the Guideline range"); *Matematico v. United States*, No. 95-CV-3577, 1996 WL 118526, at *3 (E.D.N.Y. Mar. 13, 1996) (petitioner "fails to establish the existence of any prejudice at all" where "[s]he received a sentence well below the guideline range for her first conviction and at the low end of the guideline range for her second conviction.").

## CONCLUSION

The petition for relief pursuant to 18 U.S.C. § 2255 is denied.  I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
July 27, 2015

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge